[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15994
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00106-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SIXTO VILLAREAL-GUTIERREZ,
a.k.a. Sixto Alfredo Villareal Gutierrez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 18, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Sixto Villareal-Gutierrez appeals his 57-month sentence imposed following

his guilty plea to illegal reentry, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, Villareal-Gutierrez argues that his sentence is substantively unreasonable because the court placed undue emphasis on deterrence instead of balancing all of the section 3553(a) factors.

This Court reviews the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. __,__, 128 S. Ct. 586, 597 (2007). In doing so, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

*Id.* To that end, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, ___, 127 S. Ct. 2456, 2468 (2007). However, we have held that "nothing in *Booker*[1] or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

(footnote added).

If the district court's decision is procedurally reasonable, this Court's analysis then turns to the substantive reasonableness of the sentence. *Gall*, 552 U.S. at __, 128 S. Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Reasonableness review is "deferential," and "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors" rather than reviewing each individual decision made during the sentencing process. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006) (internal quotation marks, citation, and alterations omitted). The 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the

3

Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (summarizing 18 U.S.C. § 3553(a)).

In *Rita*, the Supreme Court held that, in reviewing sentences for reasonableness under section 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the Guidelines range. *Rita*, 551 U.S. at __, 127 S. Ct. at 2462. Although this Court does not apply such a presumption, it will ordinarily expect a sentence within the Guidelines range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008); *Talley*, 431 F.3d at 788.

Villareal-Gutierrez does not raise any argument as to the procedural reasonableness of his sentence. Rather, Villareal-Gutierrez contends only that his sentence is substantively unreasonable. We disagree. Villareal-Gutierrez's 57-month sentence is within the advisory Guidelines range and below the statutory maximum of 20 years' imprisonment. *See* 8 U.S.C. § 1326(a), (b)(2). The record shows that the district court considered Villareal-Gutierrez's arguments for a sentence at the low end of the Guidelines range and took into consideration the

3553(a) factors when it imposed a sentence at the high end of the Guidelines range, including the history and characteristics of the defendant, the need to promote respect for the law, the need for deterrence, the need to protect the public, and the kinds of sentences available. Therefore, Villareal-Gutierrez has not shown that the district court abused its discretion in imposing a sentence at the high end of the Guidelines range.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Accordingly, we affirm the sentence.

**AFFIRMED**.